IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF ABDELRAZIG KHALIL | : | |
| BY KAMAL MOHAMEDALI | : | |
| ADMINISTRATOR, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 21-1888 |
| | : | |
| RUSTAM MURSALOV, et al., | : | |
|     Defendants. | : | |

**November 16, 2021**                                             **Anita B. Brody, J.**

## MEMORANDUM

Abdelrazig Khalil was standing on the side of the highway when he was struck and killed by a passing vehicle. Khalil was a passenger in a semi-trailer truck driven by Defendant Rustam Mursalov and owned by Defendant Eastern Express, Inc. Mursalov had pulled the truck over onto the side of the highway because the cargo load had been improperly secured for transport. Khalil was standing next to the truck when he was killed.

Plaintiff Kamal Mohamedali, in his capacity as the administrator of the Estate of Abdelrazig Khalil (the "Estate"), brings state law claims against Defendants for the death of Khalil, pursuant to Pennsylvania's wrongful death and survival statutes, 42 Pa. Stat. and Cons. Stat. Ann. §§ 8301-02. Although the Estate commenced this action in the Philadelphia Court of Common Pleas, Defendants removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[1]

---

[1] Defendants removed this action pursuant to 28 U.S.C. § 1441. A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

Federal district courts have diversity jurisdiction over civil actions where the amount in controversy "exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. 1332(a)(1). "If a party is deceased, 'the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting 28 U.S.C. § 1332(c)(2)). The Estate contends that diversity jurisdiction does not exist and moves to remand this action to the Philadelphia Court of Common Pleas.[2] The Estate argues that the Court lacks diversity jurisdiction because the parties are not citizens of different states. Although the parties agree that Defendants are citizens of Pennsylvania, the Estate argues that Khalil, the decedent, was also a citizen of Pennsylvania. In contrast, Defendants argue that completely diversity exists because Khalil was a citizen of North Carolina.

On November 9, 2021, the Court held an evidentiary hearing. Based on the findings of fact from the evidentiary hearing, I conclude that Khalil was a citizen of North Carolina. Therefore, I will deny the Estate's motion to remand for lack of jurisdiction.

**I. FINDINGS OF FACT**

On November 21, 2021, the Court held an evidentiary hearing to determine whether Khalil was a citizen of North Carolina or Pennsylvania. After reviewing the evidence submitted for the hearing, I make the following findings of fact:

For at least a decade, Khalil lived and worked in North Carolina. Mohamed Idress Dep. 29:3-5, 45:4-6; Ex. D-4 at 3. During that time, Khalil obtained a North Carolina driver's license and registered to vote in North Carolina. Ex. D-2 ¶3; Ex. D-3.

---

[2] The Estate moves to remand pursuant to 28 U.S.C. § 1447(c), which provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In 2018, Khalil moved to Philadelphia to get his commercial driver's license ("CDL") because he wanted to "drive trucks around the nation." Idress Dep. 7:21-8:7, 16:17-20. For a short period of time, Khalil lived in Philadelphia with his friend, Abbel Azziz Yagab. P-1 ¶¶ 4-5. Khalil then moved to a house owned by Mohamed Idress located on Nesper Street in Philadelphia. Idress Dep. 9:2-4.

Khalil lived in a bedroom in the basement of the Nesper Street house that also had a little kitchen and bathroom. Idress Dep. 31:3-22. Idress used the remainder of the basement as an office, and he rented the upper floor of the Nesper Street house to someone else. Idress Dep. 31:3-22. Khalil never paid rent and he did not contribute to any of the bills for utilities or cable during the time he lived at the Nesper Street house. Idress Dep. 50:7-51:9. Khalil kept clothes and toiletries at the Nesper Street house, but he did not keep any personal belongings there, like photographs. Idress Dep. 60:13-16. Khalil never received any mail at the Nesper Street house.

Khalil lived at the Nesper Street house for approximately six months. Idress Dep. 9:20-25. During that time period, he travelled to North Carolina five or six times. Idress Dep. 10:10-15. He typically stayed in North Carolina for two days but on one occasion, he stayed there for a week. Idress Dep. 10:16-19. During his week-long stay, Khalil renewed his North Carolina driver's license. Idress Dep. 10:18-11:1, 48:11-16.

While in Philadelphia, Khalil worked to obtain his CDL and began employment in Pennsylvania as a national truck driver. Idress Dep. 12:4-10; Ex. P-2 ¶ 3; Ex. P-5. When Khalil applied for employment as a truck driver for DZ Transport LLC, he listed the Nesper Street house as his address on his employment application and the accompanying IRS Form W-9. Ex. P-3; Ex. D-4 at 2. He also listed that he had a North Carolina driver's license. Ex. D-4 at 3.

Khalil lived in Pennsylvania for approximately six to seven months.[3] During the time he lived in Pennsylvania, Khalil never registered to vote in Pennsylvania and he never changed his driver's license from North Carolina to Pennsylvania. Ex. D-2 ¶¶ 2-4. Although he owned a car, it was not registered in Pennsylvania. Idress Dep. 48:6-8; Ex. D-2 ¶ 13. Khalil had no form of identification that listed him as a Pennsylvania resident. Ex. D-2 ¶ 9.

On April 19, 2019, Khalil was standing on the side of a highway when he was struck and killed by a passing vehicle. At the time of his death, Khalil's belongings were located in Pennsylvania, North Carolina, and the truck he was in on the day of his death. Idress Dep. 41:10-13, 57:25-58:20. On his death certificate, Khalil was listed as a resident of North Carolina. Ex. D-5. Khalil was buried in North Carolina and his estate was administered in North Carolina. Ex. D-1; Ex. D-5.

## II. CONCLUSIONS OF LAW

The parties agree that Defendants are citizens of Pennsylvania. Defendants removed this case to federal court on the basis of diversity jurisdiction, arguing that the parties are diverse because North Carolina was Khalil's domicile. The Estate moves to remand this case for lack of jurisdiction because it contends that Pennsylvania was Khalil's domicile.

The party invoking diversity jurisdiction bears the burden of proof. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011). A party meets this burden by proving diversity of citizenship between the parties by a preponderance of the evidence. *McCann*, 458 F.3d at 290.

"Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is

---

[3] The evidence does not state the exact amount of time that Khalil lived in Pennsylvania. Plaintiff's counsel, however, conceded at the hearing that Khalil lived in Pennsylvania for only six or seven months.

absent, he has the intention of returning.'" *McCann*, 458 F.3d at 286 (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington*, 652 F.3d at 344. When determining a person's domicile, a court considers factors, including declarations, place of employment, exercise of political rights, payment of personal taxes, house of residence, place of business, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. *McCann*, 458 F.3d at 286.  "More generally, the court must locate 'the center of one's business, domestic, social and civic life.'" *Washington*, 652 F.3d at 344 (quoting *Frett-Smith v. Vanterpool*, 511 F.3d 396, 401 (3d Cir. 2008)).

An individual's domicile changes immediately when the individual takes residence at the new domicile and intends to remain there. *McCann*, 458 F.3d at 286. "But '[a] domicile once acquired is presumed to continue until it is shown to have been changed.'" *Id.* (quoting *Mitchell v. United States*, 88 U.S. 350, 353 (1874)).  Thus, there exists "a presumption favoring an established domicile over a new one." *Id.* at 286-87. "The party claiming a new domicile bears the initial burden of producing sufficient evidence to rebut the presumption in favor of the established domicile." *Id.* at 288. "This presumption does not shift the *burden of proof* to establish diversity of citizenship away from the proponent of federal jurisdiction . . . ." *Washington*, 652 F.3d at 345. "Accordingly, the presumption's only effect is to require the party asserting a change in domicile to produce enough evidence substantiating a change to withstand a motion for summary judgment or judgment as a matter of law on the issue." *McCann*, 458 F.3d at 288. "If the party does so, the presumption disappears, the case goes forward, and the party asserting jurisdiction bears the burden of proving diversity of citizenship." *Id.*

Khalil lived in North Carolina for at least a decade. He then lived in Pennsylvania for six or seven months before his death. Both parties agree that there exists a presumption favoring Khalil's established domicile—North Carolina—over a new one. The Estate seeks to overcome this presumption and contends that Khalil changed his domicile from North Carolina to Pennsylvania. Because the Estate claims that Khalil changed his domicile, it bears the initial burden to produce sufficient evidence to overcome the presumption that Khalil remained domiciled in North Carolina. If the Estate overcomes its initial burden, the presumption disappears and Defendants, who are asserting jurisdiction, bear the burden of proving by a preponderance of evidence that Khalil's domicile was North Carolina.

The Estate is unable to overcome the presumption in favor of Khalil's established domicile—North Carolina. Moreover, even if the Estate could overcome its initial burden of production, Defendants have established by a preponderance of the evidence that Khalil's domicile was North Carolina.

The Estate has produced meager evidence to show that Khalil intended to remain indefinitely in Pennsylvania. To establish that Khalil intended to remain in Pennsylvania indefinitely, the Estate highlights that Khalil lived in Pennsylvania for six to seven months; he began employment in Pennsylvania; and he listed a Pennsylvania address on both his application for employment and the accompanying IRS Form W-9. These facts are insufficient to rebut the presumption that North Carolina remained Khalil's domicile.

The evidence establishes that Khalil moved to Pennsylvania to obtain his CDL in order to work as a national truck driver. That Khalil worked for Pennsylvania trucking company, has little bearing on whether Khalil intended to remain in Pennsylvania given that Khalil's job as a truck driver required extensive and frequent travel outside of the state. Moreover, Khalil's use of a

Pennsylvania address on his employment application and IRS Form W-9 only reflect that Khalil was living at the Nesper Street house when he filled out the paperwork. It does not reflect that Khalil intended to remain indefinitely in Pennsylvania. If anything, the paperwork might convey that Khalil intended to remain domiciled in North Carolina, as he indicated on his application that he had a North Carolina driver's license.

Lastly, the six or seven months that Khalil lived in Philadelphia are not proof that he intended to remain indefinitely in Pennsylvania. During the six months that Khalil lived at the Nesper Street house, he did not pay rent or utilities, he received no mail, and he kept no personal belongings in his basement room. While living at the Nesper Street house, Khalil returned to North Carolina five or six times and stayed for at least two days each time. On one occasion he stayed in North Carolina for a week and renewed his North Carolina driver's license. Although Khalil was registered to vote and obtained his driver's license in North Carolina, he never registered to vote in Pennsylvania, never registered his car in Pennsylvania, and never sought to obtain a Pennsylvania driver's license. Khalil also never moved all of his belongings to Pennsylvania.

At the time of his death, Khalil did not have a single form of identification that listed him as a Pennsylvania resident. Despite the fact that Khalil was living in Pennsylvania, his death certificate listed him as a North Carolina resident and his body was buried in North Carolina. Additionally, his estate was administered in North Carolina.

Even if the Estate could overcome the presumption that Khalil remained domiciled in North Carolina, Defendants have established by a preponderance of the evidence that Khalil's domicile was North Carolina.

Because Defendants are citizens of Pennsylvania and Khalil was a citizen of North Carolina, I exercise diversity jurisdiction over this action. Therefore, I will deny the Estate's motion to remand for lack of jurisdiction.

      _s/ANITA B. BRODY, J.___
      ANITA B. BRODY, J.

Copies **VIA ECF**